Dear Mr. Doughty:
You have requested an opinion of the Attorney General's Office regarding the legality of the Police Jury abandoning certain public gravel roads, allowing individuals to blacktop the roads according to parish specifications, and later accepting the blacktopped roads back into the parish system.
To abandon certain public gravel roads and later to accept the same roads, blacktopped by individuals, back into the parish system appears to be a circumvention of the law regarding abandonment and the explicit requirements of R.S. 48:754 of the Parish Transportation Fund Act. First, R.S. 48:701 states that the parish governing authorities "may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned and are no longer needed for public purposes." Webster's Third New InternationalDictionary defines "abandon" as "to cease to assert or exercise an interest, right, or title to especially with the intent of never again resuming or reasserting it."
The suggested abandonment, improvements then reclamation of the blacktopped roads back into the system contradicts logic and the law. Clearly, if the Franklin Parish Police Jury has the present intent to accept the blacktopped roads back into the parish system, there is no true intent to abandon the roads. Further, underlying the scenario which the Franklin Parish Police Jury suggests is a tacit assumption that the roads in question have a continuing public use. Ergo, the road in question does not meet the legal test for abandonment.
Secondly, you referenced prior Opinion No. 01-21 which was provided to the Franklin Parish Police Jury on a related topic. At that time the police jury was concerned about accepting from individual constituents private funds to be used to blacktop a public gravel road. Opinion No. 01-21 states that our office could find "no prohibition preventing the Police Jury from accepting a donation from constituents for the purpose of offsetting the costs incidental to blacktopping a road which is within the Parish Road System." Opinion No. 81-765 states that a police jury may legally accept donations from a private individual or business in order to defray the expenses of the Police Jury. We opined in Opinion No. 01-21 that the substantive provisions of the Parish Transportation Fund Act (R.S. 48:751, et seq.) must be adhered to, regardless of the source of funding for use on road maintenance and/or construction. Opinion No. 89-229A states that the "System of administration" (R.S. 48:754) has full legal effect regardless of the source of the funding for the Police Jury roadwork or of the purpose ("use") for which the money is spent. In Opinion No. 01-21, your attention was directed to R.S. 48:754
which contains mandatory requirements comprising the system of administration of the parish road system. The statutory requirements include "the development of a capital improvement program on a selective basis, centralized purchasing of equipment and supplies, centralized accounting, and selective maintenance and construction" (Opinion 89-229A). We advised that you follow the requirements of the Act in the expenditure of funds. In accord are Attorney General Opinion Numbers 89-229 and 229A.
Finally, you request advice regarding the best way to proceed in dealing with "situations where individuals want to have their road blacktopped, the road is not one of the priorities on the capital improvement plan, but the individuals want to pay for the blacktopping of their particular road themselves." Again, we reiterate that the substantive provisions of the Public Transportation Fund Act (R.S. 48:751, et seq.) must be adhered to, regardless of the source of funding for use on road maintenance and/or construction (Opinion No. 01-21). If individuals wish to pay for the blacktopping of their particular road themselves, there is, as we stated in Opinion No. 01-21, no prohibition preventing the Police Jury from accepting a donation from constituents for the purpose of offsetting the costs incidental to blacktopping a road which is within the Parish Road System. Thus, one method by which the Franklin Parish Police Jury could legally blacktop the road in question would be to accept a restricted donation and then follow the guidelines established in the Parish Transportation Fund Act.
Opinion No. 96-189 states:
 Since the penalty provisions for misuse of funds in R.S. 48:759,761 and 762 are directed only to the misuse of Parish Transportation Act funds, they would not apply to the use of local tax dedicated funds. If, however, the local funds are commingled with state appropriated Parish Transportation Act monies, the former would lose their parochial identity and, by operation of law, be considered Parish Transportation Act funds. As a result, all funds, including the commingled local tax monies, become subject to the misuse of funds provisions in the Parish Transportation Fund statutes. In accordance are Attorney General Opinion Nos. 96-30, 89-494, 89-229, 229A and 92-328.
Care should be taken regarding Act requirements such as amending the parish capital improvement plan to provide for blacktopping the gravel roads in question. The Office of the Legislative Auditor suggests that the Police Jury should consider all ramifications of proceeding with the project, such as determining if the donated funds are adequate to complete the project and if the Police Jury has adequate funds for future and continued maintenance of the blacktopped roads. The Office of the Legislative Auditor can provide information regarding avoidance of commingling funds.
Attorney General Opinion No. 89-229 states that the:
 The sanctions of the Act are invoked either by improper expenditure or by "non-compliance with the statutory requirements" (LSA-R.S. 48:758). Even if the parish governing authority is receiving no money from the Fund, failure to conform with the substantive duties of the Act may result in referral by the Legislative Audit Advisory Council to the local District Attorney, for his consideration of a malfeasance prosecution (LSA-R.S. 48:759, 760).
In conclusion, while the Franklin Parish Police Jury cannot legally abandon the roads in question, our legal opinion is that the Police Jury may accept a restricted donation to offset the costs incidental to blacktopping a road which is within the parish road system, assuming the Police Jury follows the aforementioned guidelines and restrictions. For issues concerning audit ramifications, please contact the Office of the Legislative Auditor.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ SUE McNABB Assistant Attorney General
RPI:SM